OPINION OF THE COURT
Fuchsberg, J.
This case of sex discrimination presents questions concerning both the nature of the proof of damages and the role of intent in an award by the State Division of Human Rights for personal humiliation and mental anguish allegedly suffered by a complainant at the hands of a discriminator.
This issues are presented in the following factual and procedural context:
It is undisputed that complainant Lorraine Cullen successfully passed a civil service examination for the position of investigator in Nassau County’s Department of Probation and subsequently was appointed to and served satisfactorily in this capacity. It is also unquestioned that when, at a later time, she filed an application to take an open competitive test for a similar post in the Department of Civil Service of the same county, she was denied permission to do so because she had not accumulated six years of criminal investigative experience as a member of either a police force or the staff of a District Attorney’s office, a qualification specified in the announcement of the examination.
The complaint, which followed promptly after the advice that she was ineligible, charged the Department of Civil *495 Service with sex discrimination (Executive Law, § 296, subd 1, par [a]). In due course, following a hearing before an Administrative Law Judge, the Commissioner of Human Rights found that the six-year criminal investigative experience requirement was not job-related and that, because the interposition of irrelevant physical standards, especially one relating to height, historically had precluded female applicants from proportionate opportunities to gain experience as police officers in Nassau County, the over-all effect was to discriminate against members of that sex. In his order, the commissioner went on to direct that the Department of Civil Service cease and desist from such discrimination, that it permit the complainant to take a substitute examination, and, thereafter, to grade, evaluate and consider her for appointment to the position for which she had applied, all on the merits. In addition, although Ms. Cullen had not adduced any affirmative proof of mental anguish or humiliation or other personal or monetary damage, the order awarded her “compensatory damages” in the sum of $1,000 for the discriminatory practice’s “effect upon her”.[1] This disposition was affirmed by the State Human Rights Appeal Board in all respects.
However, in the present proceeding, brought pursuant to section 298 of the Executive Law, the Appellate Division unanimously modified the appeal board’s order by deleting the award of compensatory damages. It grounded its holding on the fact that it had not been demonstrated that the Civil Service Commission’s discrimination was intentional. Albeit on a different rationale, we now uphold the Appellate Division’s order. Our analysis follows.
In enacting the Human Rights Law, our State Legislature, in a preamble, minced no words in declaring that *496 the discriminatory practices it was interdicting violated the fundamental principles underlying a free society and threatened the peace and tranquility of the State (Executive Law, § 290; see City of Schenectady v State Div. of Human Rights, 37 NY2d 421, 423-424). Among the variety of sanctions it therefore authorized the division to employ to combat the pernicious effects of the outlawed evils was a civil remedy for the benefit of those who are the target of such offenses. So, specifically included was the “awarding of compensatory damages to the person aggrieved by such practice”, “as in the judgment of the division will effectuate the purposes of this article” (Executive Law, § 297, subd 4, par c, cl [iii]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 183).
Conscious that this broadly stated, policy-laden discretion is not confied to physical or out-of-pocket losses alone, we have held that the compensatory damages which it may fix can include an award for such less tangible injuries as humiliation and mental anguish (Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 145-146; State Comm. for Human Rights v Speer, 29 NY2d 555, revg on dissent at 35 AD2d 107, 112-113; see, also, Sex Discrimination — Emotional Distress, Ann., 61 ALK3d 944; Civil Rights — Damages— Emotional Distress, Ann., 40 ALR3d 1290).
But the fact that compensation may be allowed for emotional trauma does not depend on a showing that the discrimination which produced it was intentional. The overriding concern of the Legislature in pursuing the goals it enunciated had to have been the pragmatics of the consequences of challenged practices rather than their motivations. Beyond that, it would be unrealistic to demand proof of intention. By definition, under a facially neutral policy, no per se intent to discriminate can be expected to exist. To require such proof as a prelude to the fashioning of an appropriate remedy in such circumstances would be to put instances of discrimination whose subtlety may but add to their pervasiveness beyond its reach.
Batavia Lodge was not to the contrary. While, in expressing our disagreement with the intermediate appellate holding that proof of out-of-pocket expenses was necessary to *497 a compensation award, we noted that “particularly * * * where * * * the discriminatory act is intentionally committed” (35 NY2d, at p 147), a lesser standard of proof may suffice, we did not suggest that such intention was a sine qua non. Moreover, since our.court there confronted discrimination willfully directed at specific individuals, it had no occasion to deal with the issue in a context of discriminatory impact alone, as in the present case (cf. Teamsters v United States, 431 US 324, 335-336, n 15; Cannon v University of Chicago, 648 F2d 1104).
Turning then to the damages award here, the inescapable fact is that there is simply no proof of the mental anguish and humiliation over which the parties here have so vigorously debated. The record must contain proof that the complainant in fact suffered mental anguish or humiliation (see School Dist. No. 1, Multnomah County v Nilsen, 271 Ore 461, 485-486 [sex discrimination]), which may be established through the testimony of the complainant alone (121-129 Broadway Realty Corp. v New York State Div. of Human Rights, 49 AD2d 422, 423 [sex discrimination]; cf. Zahorian v Russell Fitt Real Estate Agency, 62 NJ 399, 404, 416 [sex discrimination]), with, of course, the usual deference to be accorded the inferences drawn by an administrative agency from the evidence (300 Or amatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, supra).
Nonetheless, though Ms. Cullen did not testify that it did, the division argues that the discrimination “must have diminished [her] self-esteem, and with it [her] incentive for self-improvement’’. The easy answer to that position is that sensitivity or stoicism, as the case may be, is as variable and individualistic in its existence and in its degree as are human beings.
This is not to say that, because emotional injuries cannot be measured with precision, they are not real (see 9 NY Damages Law, § 42, p 36). It is familiar learning that a wrongdoer may not shield himself from liability because the damages caused are uncertain (Kaval Constr. Corp. v State Div. of Human Rights, 39 AD2d 347, 350; see 9 NY Damages Law, § 3).
But the commissioner may not award damages solely upon a finding that a discriminatory act occurred for that *498 would be punitive (Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 146, supra; Matter of State Div. of Human Rights v Luppino, 35 AD2d 107, affd 29 NY2d 558; see 9 NY Damages Law, § 42, p 36 [damages for mental anguish or humiliation “are strictly compensatory as distinguished from exemplary”]). Needless to say, the Legislature is not chary about granting power to award punitive damages to an administrative agency when it so intends (see, e.g., Labor Law, §§ 197, 216, 218; Workers’ Compensation Law, § 14-a). Here it just has not done so. The statute speaks clearly of compensatory damages alone.
For all these reasons, the order of the Appellate Division should be affirmed.

. The form complaint promulgated by the State Division of Human Rights, pursuant to the authorization of subdivision 1 of section 297 of the Executive Law requires that the facts underlying the charged discrimination be set forth but does not provide for a request for particularized relief (9 NYCRR 465.3 [b], [c]; see New York Consolidated Laws Service, Annotated Statutes with Forms, Book 14, Executive Law, p 177, for an illustrative form complaint). Ms. Cullen’s complaint comported with these regulations and therefore did not specify the particular forms of damage on which the division has chosen to rationalize its award and the evidentiary and legal support which the briefs of both sides now contest on the merits.