Therese Marie O'BRIEN, Plaintiff,

v.

KING WORLD PRODUCTIONS, INC.,
Roger King, Michael King, Stuart
Hersch, Defendants.

No. 86 Civ. 9196 (GLG).

United States District Court,
S.D. New York.

Sept. 18, 1987.

Thomas H. Healey, New York City, for plaintiff.

Epstein Becker Borsody & Green, P.C., New York City, for defendants; Michael R. Zeller, Peter M. Stein, of counsel.

## OPINION

GOETTEL, District Judge.

The plaintiff was employed by the defendant King World Productions, Inc. ("King World") from August 1984 to October 1985. In her first cause of action, the plaintiff claims that during her employment with King World she was subjected to acts of sexual harassment by defendant Stuart Hersch and that defendant King World by permitting those acts created a hostile and offensive working environment for her. The plaintiff charges both these defendants with violations of Title VII of the Civil Rights Act. 42 U.S.C. § 2000e–2 (1982).

The second cause of action charges all four defendants with participating in and condoning a course of sexual harassment such as would constitute sex discrimination in violation of New York's Human Rights Law. N.Y. Exec. Law § 296 (McKinney 1982 & Supp. 1987). The plaintiff also alleges that by committing or encouraging physical, sexual, and psychic assault and by permitting the use of controlled substances in the workplace, the defendants intentionally and negligently caused her physical and mental injury.

The plaintiff demands compensatory damages on her claim under Title VII and compensatory and punitive damages on her second claim. Furthermore, she demands a jury trial.

The defendants move to dismiss the plaintiff's second cause of action and to strike both the plaintiff's demand for a jury trial and her demand for compensatory and punitive damages on her Title VII claim.

*Discussion*

A. Defendants' Motion to Dismiss Plaintiff's Second Cause of Action

1. Cause of action under New York Human Rights Law

■ The defendants argue first that the plaintiff has failed to plead a violation of the New York Human Rights Law, N.Y.

Exec.Law § 296 (McKinney 1982 & Supp. 1987), because the plaintiff referred to the New York statute in her second Memorandum in Opposition only, and not in her complaint. However, in compliance with Fed.R.Civ.P. 8(f), and because the New York statute closely parallels the language of Title VII, we construe the complaint to invoke the New York Human Rights Law.

Next, defendants argue that § 297 of the New York Human Rights Law bars the plaintiff from bringing this action because she already has a complaint under consideration by the New York Division of Human Rights (S.D.H.R.). Section 297 of the Human Rights Law provides that a claimant may elect either judicial or administrative proceedings, but not both. *Koster v. Chase Manhattan Bank, N.A.*, 609 F.Supp. 1191 (S.D.N.Y.1985). In response, the plaintiff points out that it was not she who filed her complaint with the S.D.H.R., but the Equal Employment Opportunity Commission (E.E.O.C.)[1] referred her claim to the state agency as is required under their own procedures. In support of her claim, plaintiff has submitted a letter received by her from the E.E.O.C. stating that a copy of her charge was provided by them to the S.D.H.R. The defendant has submitted no evidence to dispute this.

■ In light of the fact that the plaintiff was required to file with the E.E.O.C., and that the E.E.O.C. routinely refers such claims, courts have held, "... § 207(a) does not apply, because the required reference to the S.D.H.R. by the E.E.O.C. is not an election by the individual plaintiff." *Gibson v. American Broadcasting Companies Inc.*, No. 82 Civ. 5249, slip op. at 1 (S.D.N.Y. Sept. 10, 1986) [Available on WESTLAW, DCT database]. *See also, Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015, 1017 (S.D.N.Y.1984). Therefore, in the absence of a showing that the plaintiff personally filed her complaint with the S.D. H.R., the plaintiff's claim here is viable.

---

1. Filing with the E.E.O.C. is a jurisdictional prerequisite to asserting a Title VII discrimination claim in federal court. 42 U.S.C. §§ 2000e–5(a) and 2000e–5(f). *See also, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973).

### 2. Cause of action for intentional tort

In New York, recovery for intentional torts resulting in personal injury is subject to a one-year statute of limitations. N.Y. Civ.Prac.L. & R. § 215 (McKinney 1972 & Supp.1987). Since the plaintiff's original complaint was not filed until December 1986, more than one year after her employment with the defendant King World had terminated, the plaintiff's cause of action for intentional tort is time-barred. *Koster,* 609 F.Supp. at 1198.

### 3. Cause of action for negligence

█ In New York, recovery for accidental injuries arising out of and in the course of employment, including injuries caused by an employer's negligence, is governed by the Workers' Compensation Law. *Nash v. Oberman,* 117 A.D.2d 724, 498 N.Y.S.2d 449 (2d Dep't 1986); N.Y.Work.Comp.Law § 1 (McKinney 1965 & Supp.1987). If recovery is available under this law, an employee may not bring a common-law tort action against her employer; the Workers' Compensation Law provides her exclusive remedy. *O'Rourke v. Long,* 41 N.Y.2d 219, 359 N.E.2d 1347, 391 N.Y.S.2d 553 (1976); N.Y.Work.Comp.Law § 11 (McKinney 1965 & Supp.1987).

Although the plaintiff provides no details of the physical injuries she alleges, it is clear that they arose in the course of her employment at King World. It is also clear that they arose out of the stress and strain caused by her employment conditions. It is well-established that physical injuries caused by mental stress and strain arising out of employment may be accidental within the meaning of the Workers' Compensation Law. *See, e.g., Klimas v. Trans Caribbean Airways,* 10 N.Y.2d 209, 176 N.E.2d 714, 219 N.Y.S.2d 14 (1961).

Because the physical injuries the plaintiff describes were accidental within the meaning of the Workers' Compensation Law, and because they arose out of and in the course of her employment, the plaintiff's alleged physical injuries are governed by the Workers' Compensation Law. She is therefore barred from bringing a negligence claim for her physical injuries, and that claim is therefore dismissed.

The plaintiff also alleges that she suffered mental injuries as a result of the defendants' negligence. Until 1975, recovery under the Workers' Compensation Law had been limited to either physical injury caused by psychic trauma or psychological injury caused by physical impact. *Wolfe v. Sibley, Lindsay & Curr Co.,* 36 N.Y.2d 505, 330 N.E.2d 603, 605, 369 N.Y.S.2d 637, 640 (1975). But in *Wolfe,* the New York Court of Appeals held that "psychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury" under Workers' Compensation. *Id.,* 330 N.E.2d at 606, 369 N.Y.S.2d at 641. Relying on *Wolfe,* the court in *Ottomanelli v. Workers' Compensation Board,* held that anxiety and depression triggered by a claimant's work and environment constituted an accident arising out of and in the course of employment. 80 A.D.2d 688, 436 N.Y.S.2d 442 (3d Dep't 1981).

Here, the plaintiff's alleged mental injuries arose in the course of her employment, from the same sources which caused her alleged physical injuries. They are therefore, similarly compensable under New York Workers' Compensation Law. Thus the plaintiff is barred, by the compensation law's exclusivity of remedies provision, from bringing a negligence claim against the defendants for her mental injuries.

For the reasons stated above, the plaintiff's second cause of action is dismissed, except to the extent it states a claim under the New York Human Rights Law.

### B. Defendants' Motion to Strike Plaintiff's Demand for Compensatory and Punitive Damages

█ Because Title VII authorizes only equitable remedies, neither compensatory nor punitive damages are available under that law. *See, e.g., McPartland v. American Broadcasting Companies, Inc.,* 623 F.Supp. 1334 (S.D.N.Y.1985); *Whitney v. Greater New York Corporation,* 401 F.Supp. 1363 (S.D.N.Y.1975).

However, compensatory damages are available under the New York Human Rights Law. *Cullen v. Nassau County Civil Service Commission*, 53 N.Y.2d 492, 425 N.E.2d 858, 860, 442 N.Y.S.2d 470, 472 (1981). The plaintiff may also be entitled to punitive damages under the New York law. *Selbst*, 587 F.Supp. at 1017.

For this reason, the motion to strike the plaintiff's demand for damages is granted only to the extent the request for such relief pertains to the plaintiff's Title VII claim.

### C. Defendants' Motion to Strike Plaintiff's Demand for Jury Trial

■ The Seventh Amendment to the United States Constitution entitles either party in a lawsuit to demand a jury trial. This right to a jury trial applies to actions enforcing statutory rights "if the statute creates *legal* rights and remedies, enforceable in an action for *damages*." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974) (emphasis added). However, claims brought under Title VII are equitable in nature, rather than legal, *see Snell v. Suffolk County*, 611 F.Supp. 521 (E.D.N.Y.1985), *aff'd* 782 F.2d 1094 (2d Cir.1986), and damages are not available as a remedy. Therefore, courts have held that jury trials are not available in Title VII actions. *Id.* at 523.

■ However, if the plaintiff's claim under the New York Human Rights Law is viable, she is entitled to a jury trial on that state claim. *Selbst*, 587 F.Supp. at 1017. Consequently, the motion to strike the plaintiff's demand for a jury trial is denied. However, this denial is without prejudice to a later motion to strike the jury demand if it is shown that the plaintiff, rather than the E.E.O.C., filed the complaint with the New York Human Rights Division, and that the plaintiff is therefore barred from seeking a judicial remedy for a violation of the New York Human Rights Law.

SO ORDERED.