■ In the Matter of CAPABILITIES, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Mahoney, P. J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of an unlawful discriminatory practice based on sex.

Petitioner challenges a determination of respondent State Division of Human Rights (hereinafter the Division) which found that respondent Brenda S. Peters (hereinafter respondent) was the victim of sex discrimination in the course of her employment as a teacher and rehabilitation counselor with petitioner, and awarded her $5,000 compensatory damages for mental anguish. Petitioner claims that there is insufficient evidence to support the determination and that it was not aware of, and did not acquiesce in or approve of, any sex discrimination against respondent so that it cannot be held liable.

It is well settled that the Division's Commissioner has wide latitude under the Human Rights Law because of the expertise required to identify devious, elusive and subtle forms of unlawful discrimination *(see, e.g., Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630). Accordingly, our review is limited to whether the findings of fact are supported by sufficient evidence on the record considered as a whole (Executive Law § 298), keeping in mind that it is for the Commissioner to resolve conflicting inferences rationally drawn from the record

*(see, Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept., supra,* at 631). Here, there is sufficient evidence to confirm the determination. Respondent's testimony supports the findings that her supervisor, Francis Rauh, touched and rubbed her back, pulled on the strap of her undergarment and made inappropriate comments and suggestions concerning her appearance and attitude toward sex. Likewise, respondent's testimony concerning how Rauh's acts affected her sufficiently supports the compensatory damage award *(Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492, 497).

As to petitioner's contention that it cannot be held liable in the absence of knowledge or approval of any discriminatory act, our review of the record reveals that petitioner's executive director made some inquiries concerning the discriminatory charge but termed Rauh's actions as "sophomoric" and merely directed Rauh not to do them if he had done them. There is no evidence that petitioner adopted an antidiscrimination policy, apologized to respondent or took other action against Rauh, thereby indicating that it condoned the discriminatory acts of its employee *(see, e.g., Matter of State Div. of Human Rights [Greene] v St. Elizabeth's Hosp.,* 66 NY2d 684, 687). Under these circumstances, and forever mindful of the subtle and elusive forms of unlawful discrimination, we conclude that there is sufficient evidence to confirm imposition of liability on petitioner.

Determination confirmed, and petition dismissed, with costs to respondent Brenda S. Peters. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.