**Leon Firman WOOD, Jr., Plaintiff,**

v.

**BROSSE U.S.A., INC., Defendant.**

**No. 91 Civ. 7176 (RWS).**

United States District Court,
S.D. New York.

April 1, 1992.

---

Louis C. Pulvermacher, P.C. (Louis C. Pulvermacher, of counsel), New York City, for plaintiff.

Pavia & Harcourt (Steven Skulnik, Helen A. Rella, David A. Botwinik, of counsel), New York City, for defendant.

## OPINION

SWEET, District Judge.

Defendant Brosse U.S.A., Inc. ("Brosse") has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Leon Firman Wood, Jr.'s ("Wood") diversity complaint. For the reasons set forth below, the motion is granted in part and denied in part.

*Background*

Wood is a resident and citizen of the State of New Jersey who alleges that he is "over the age of forty and less than sixty-five years of age". Wood was allegedly employed by Brosse as Vice President of Sales from 1986 until he was fired on August 23, 1991.

Brosse is a New York corporation with its principal place of business in the City of New York.

According to Wood's complaint, he and Brosse entered into a "letter agreement" in 1988 or 1989 covering the period from January 1, 1989, to December 31, 1990. The agreement apparently stated that Wood would receive an annual salary of $84,000 in 1989, to be raised to $100,000 in 1990, and subject to an annual cost of living

adjustment. It also allegedly called for Wood to receive: an automobile; a contribution to a profiting sharing plan of at least $20,000 a year; three weeks paid vacation; a bonus of $13,000 to $15,000 a year when sales for that year were within 10% of the previous year's gross; and severance pay, bonus, profit share, and use of the automobile through the end of the year in the event Wood was terminated. Complaint ¶ 10. Paragraph 11 of the Complaint, though, states that "Plaintiff does not have a copy of such agreement which copy was removed, by a person or persons unknown, from his desk prior to his being fired."

The parties allegedly agreed to extend the terms of the agreement through the end of 1991 in January or February 1991. Complaint ¶ 15. Wood also requested in early 1991 that the parties execute a new written contract that included a $30,000 raise in Wood's base salary. Brosse's president allegedly agreed to comply with this request in June 1991, telling Wood that his raise would be retroactive to January 1, 1991, that a new contract would be executed in September 1991, and that Wood would also receive a cost of living allowance increase for 1991. *Id.* ¶ 16.

Brosse's president allegedly hired a younger man at a lower salary to perform Wood's duties in May 1991. *Id.* ¶¶ 19, 36. Then, on August 23, 1991, Wood "was fired by a patently false letter". The letter apparently is false "in that plaintiff did not tender his resignation notwithstanding the statement therein contained". Wood further alleges that Brosse's president "requested plaintiff sign one or more document, [sic] the contents of which were and are unknown to plaintiff and a copy (copies) of which was (were) never delivered to or furnished to the plaintiff". *Id.* ¶ 21.

On the day he was fired, Brosse's president apparently told Wood that he would have to surrender his car immediately and that she had informed his garage not to release the car. After Wood objected, she apparently gave Wood $500 to rent a car for a week. *Id.* ¶ 22. Wood also says that he enjoyed only two out of the three weeks of vacation to which he was allegedly entitled in 1991.

Wood sets forth eight causes of action in his complaint.[1] The first, second, third, fifth, and sixth causes of action appear to allege that Brosse breached the agreement by taking back the car and by not paying Wood severance pay, vacation pay, the balance of his bonus for 1990, his bonus and profit sharing entitlement for 1991, and cost of living allowances for 1990 and 1991. The fourth cause of action alleges that Brosse tortiously interfered with the agreement. The seventh seeks compensatory and punitive damages under New York's Human Rights Law, while the eighth seeks damages for emotional distress.

Brosse filed the present motion on December 5, 1991. Oral argument was heard on January 9, 1992, and the motion considered submitted as of that date.

*Discussion*

■ A court should dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it appears beyond doubt that a plaintiff can prove no set of facts supporting its claim. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint's allegations must be construed in the light most favorable to the plaintiff and accepted as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dacey v. New York County Lawyers' Assoc.*,

---

1. Typical of the Plaintiff's papers, the complaint erroneously sets forth two fourth causes of action. For the sake of clarity, the second fourth, the fifth, the sixth and the seventh causes of action will be referred to as the fifth, sixth, seventh and eighth causes of action, respectively.

To avoid such confusion in the future, Plaintiff's counsel is strongly urged to at least glance at, if not fully proofread, his papers before submitting them to Court. Counsel also would be well served by one of the many fine books on legal writing currently available at most bookstores.

423 F.2d 188, 191 (2d Cir.1969), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed.2d 92 (1970).

■ A court also may only consider the facts alleged on the face of the complaint and any documents attached to the complaint or incorporated by reference. *See Cosmas v. Hassett,* 886 F.2d 8, 13 (2d Cir.1989). The Defendant has attached the agreement at issue here as an exhibit to its Notice of Motion and suggests that the Plaintiff has incorporated the agreement letter into his complaint by generally setting forth its provisions. *See* Complaint ¶ 10. Although a strong argument can be made that the Plaintiff indeed has incorporated the agreement, *see id.;* Brief in Opposition 10; *compare Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 46–48 (2d Cir.1991) *and National Association of Pharmaceutical Manufacturers, Inc. v. Ayerst Laboratories,* 850 F.2d 904, 910 n. 3 (2d Cir.1988) *with Cosmas,* 886 F.2d at 13, the Complaint does state that Wood did not have a copy of the agreement when the Complaint was drafted, *see* Complaint ¶ 11. Wood's Complaint therefore will not be construed as incorporating the letter agreement at issue. Although Plaintiff was put on notice of Brosse's copy of the letter and had an opportunity to submit affidavits in opposition, the motion will not be converted into a motion for summary judgment to allow Wood a full opportunity to present his version of the facts at issue. *See* Fed. R.Civ.P. 12(b).

I. *The Fourth Cause of Action*

■ The Fourth Cause of Action alleges that Brosse interfered with Wood's right to receive a bonus and profit sharing payment for 1991. The Third Cause of Action alleges that Brosse breached the agreement by failing to make this payment for 1991. Although Wood suggests that both claims state a cause of action for breach of contract, the Fourth claim plainly sets forth a claim of tortious interference with contract when compared to the Third. Such a claim, however, simply cannot be brought against one of the parties to the contract at issue by one of the other parties. *See, e.g., Bradley v. Consolidated Edison Co.,* 657

F.Supp. 197, 206–07 (S.D.N.Y.1987); *Bunch v. Artec International Corp.,* 559 F.Supp. 961, 969 (S.D.N.Y.1983). The Fourth Cause of Action is therefore dismissed.

II. *The Seventh Cause of Action*

■ The Seventh Cause of Action seeks both compensatory and punitive damages under New York's Human Rights Law, *see* N.Y. Exec, Law §§ 290–301. Brosse has moved to dismiss this claim to the extent it seeks punitive damages.

In *Tyler v. Bethlehem Steel Corp.,* 958 F.2d 1176 (2d Cir.1992), the Second Circuit adopted the Honorable Gerard L. Goettel's analysis in *Conan v. Equitable Capital Management Corp.,* 774 F.Supp. 209 (S.D.N.Y.1991), and held that punitive damages are not available under New York's Human Rights Law. *Tyler,* 958 F.2d at 1190–1191. Any claim for punitive damages set forth in the Seventh Cause of Action is therefore dismissed.

III. *The Eighth Cause of Action*

Wood admits that the Eighth Cause of Action, which alleges that he suffered emotional damages, fails to state a claim. Brief in Opposition 2. This cause of action is therefore dismissed.

IV. *The Remaining Contentions*

Brosse also seeks to dismiss the Second, Fifth, and Sixth Causes of Action based upon inconsistencies between the Complaint and the alleged agreement letter. Because the Complaint does not incorporate the letter by reference, the Court will not address these contentions at this time. The motion to dismiss these claims under Rule 12(b)(6), Fed.R.Civ.P., is therefore denied.

*Conclusion*

For the reasons set forth above, Defendant Brosse's motion to dismiss Wood's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted in part and denied in part.

It is so ordered.