Darryl HARRIS, Plaintiff,

v.

COMPUTER ASSOCIATES INTER-
NATIONAL, INC. and Deborah
Coughlin, Defendants.

No. CV–00–2671(LDW)(ETB).

United States District Court,
E.D. New York.

Nov. 15, 2001.

Valerie A. Hawkins, Hempstead, NY, for plaintiff.

Peter A. Walker, Craig Paul Pacernick, Seyfarth Shaw, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the court is a letter motion by plaintiff, Darryl Harris ("Harris"), dated October 19, 2001, requesting additional time for discovery in order to depose Charles Wang ("Wang"), the Chairman and Chief Executive Officer for defendant, Computer Associates International, Inc. ("Computer Associates"). Plaintiff's request is denied as untimely and because he has not shown adequate cause for conducting this deposition.

Plaintiff commenced this action on or about May 11, 2000. The parties' original joint proposed scheduling plan—so ordered by the court on October 18, 2000—provides that discovery shall be completed by May 31, 2001. At the request of both parties, the court granted a three month extension of discovery to August 31, 2001. Thereafter, at the request of the parties, discovery was extended to October 12, 2001, with the further provision that "[t]here shall be no further extensions (of discovery) except in compliance with the order dated June 9, 2000 at 2 No. 4" (stating that "[n]o more than two extensions not exceeding a total of 120 days shall be granted based upon good cause. Any further modifications shall only be granted upon a showing of manifest injustice. Fed.R.Civ.P. 16(e)").

### Discussion

Pursuant to the Federal Rules of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter ... that is relevant to the claim ... of the party...." This rule may be limited by a court where "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...." Fed.R.Civ.P. 26(b)(2).

▉▉▉ Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery. *See Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir.1985) (denying plaintiff's request to reopen discovery when plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); *Yrityspankki Shop Oyj v. Delta Funding Corp.*, No. 98 Civ. 7888, 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (denying request to reopen discovery since party was fully aware of the relevance of the information in question during discovery, and since it could have developed the information at that time). It is not an abuse of discretion to deny a request to reopen discovery when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests. *See Babcock v. CAE–Link Corp.*, 878 F.Supp. 377, 387 (N.D.N.Y. 1995).

▉▉▉ In this action, the court set forth in the initial scheduling order that any requests for "modifications of a scheduling order must be filed and served prior to the discovery completion date." Order dated June 9, 2000. That was not done here and accordingly the request is untimely. *See* Fed. R. Civ. P. 16(b), (e); *see also King v. Friend of Farmer, Inc.*, No. 97 CIV 9264, 2000 WL 290355 (S.D.N.Y. Mar. 21, 2000) (denying defendants' request to reopen discovery under Rule 16(b) to depose a psychological expert because defendants failed to show good cause as to why that expert was not retained prior to the completion of discovery); *Selby v. Arms*, No. 93 CIV 6481, 1994 WL 652467 (S.D.N.Y. Nov. 18, 1994) (denying plaintiff's request to reopen discovery when plaintiff failed to conduct that discovery during the provided time period because plaintiff "failed to make any showing that there is a justifiable excuse" for not acting before the discovery cutoff date); Fed.R.Civ.P. 16 Advisory Comm. Notes (stating under Rule 16(b), while discovery is ongoing, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

▉▉▉ When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request to allow more discovery. *Gray v. Darien*, 927 F.2d 69, 74 (2d Cir. 1991); *see also Logan v. Bennington College Corp.*, 72 F.3d 1017, 1027 (2d Cir.1995) (finding deposition unnecessary for party who could not show new evidence would be produced).

Plaintiff had an ample opportunity to depose Charles Wang during the sixteen

months of discovery. Plaintiff's letter cites scheduling difficulties and the fact that Harris wanted to attend the depositions as the reasons why the deposition of Computer Associates' employees did not occur until October 9, 2001, three days before the final discovery completion date. If plaintiff's only availability over the past sixteen months is October 9, 2001, then plaintiff must not have placed any great priority on this litigation in scheduling his availability. Moreover, there is no provision which requires a party to attend any deposition other than one's own. *See* Local R. of the U.S. Dist. Ct. for the S. and E.D.N.Y. 30.4. (stating that a party "may attend the deposition of a party or witness"). These reasons do not constitute good cause to extend or reopen discovery. Plaintiff delayed depositions until the "eleventh hour"—three days prior to the discovery completion deadline, which had twice been extended—and was not diligent in obtaining discovery within the period set by the court.

Plaintiff further argues that the Wang deposition did not occur during the allotted time because defendants objected to the deposition notice, citing "the nature of his position with the company and his corresponding lack of involvement with the case." Letter of Plaintiff dated Oct. 12, 2001. Defendant made this objection however on May 25, 2001, nearly five months before the close of discovery. In defendants' opposition letter, defendants state that when discussing the scheduling of Computer Associates depositions in August, 2001, plaintiff made no mention of deposing Wang. *See* Letter of Defendant dated October 30, 2001. Moreover, plaintiff did not raise the issue of Wang's deposition with the court until the last day of discovery, when it was improperly stated for the first time in an *ex parte* settlement letter submitted to the court under seal for the purposes of a final settlement conference held on October 16, 2001. Plaintiff had an ample opportunity to make a motion to the court to compel the Wang deposition, and failed to do so until after discovery ended.

The parties were on notice at the time of the second extension of discovery on August 29, 2001 that there would be no further extensions except upon a showing of manifest injustice. The plaintiff's request fails to satisfy this standard and fails to satisfy the lower standard of good cause. Under these circumstances, reopening of discovery will not be permitted.

■ Depositions of high level corporate executives may be duplicative, cumulative and burdensome where the person sought to be deposed has no personal knowledge of the events in dispute. *See Baine v. General Motors Corp.,* 141 F.R.D. 332, 333–35 (M.D.Ala.1991) (denying the plaintiff's request to depose a corporate vice president who lacked unique personal knowledge of the issues). This common scenario led to adoption of Local Civil Rule 30.5, "Depositions of Witnesses Who Have No Knowledge of the Facts". *See* Local R. of the U.S. Dist. Ct. for the S. and E.D.N.Y. 30.5 (Eastern District only). When a vice president can contribute nothing more than a lower level employee, good cause is shown to not take the deposition. *See Porazzi Co. v. The Mormaclark,* 16 F.R.D. 383, 383 (S.D.N.Y.1951); *see also Thomas v. International Business Machines,* 48 F.3d 478, 483 (10th Cir.1995) (barring deposition of corporate executive who lacked personal knowledge of the events when the plaintiff served the notice of deposition at the "eleventh hour").

Plaintiff deposed Deborah Coughlin, the Senior Vice President of Human Resources, and Harris' immediate supervisor. Wang, the founder of Computer Associates and currently the corporation's Chairman and Chief Executive Officer, had no involvement in Harris' supervision or work conditions.[1] He only heard complaints about plaintiff's job performance second hand and therefore lacks personal knowledge of the facts that give rise to the disputed issues in this action. Nor was he involved in the personnel decisions that are claimed by plaintiff to constitute

---

1. Computer Associates is a multinational "eBusiness software company … that serves organizations in more than 100 countries, including 99% of the Fortune 500 companies" and employs approximately 17,000 employees. Computer Associates—Corporate Profile 2001 (Nov. 9, 2001), available at http://www.ca.com/invest/reports/corpprofile2001/features.htm.; *see also* Computer Associates—About CA (Nov. 9, 2001), available at http://www.ca.com/about.htm.

adverse employment action by defendants. Plaintiff seeks to question Wang about complaints Wang received regarding Harris' processing of immigration forms. The conversation that plaintiff seeks to ask Wang about is only remotely relevant to the issues in the case since the conversation occurred *after* Harris had been relieved of this job duty. Since plaintiff already discovered this information from the defendant, Coughlin, who has personal knowledge, deposing Wang would be unreasonably repetitive and burdensome. *See* Fed.R.Civ.P. 26(b)(2)(i). Under these circumstances, additionally the burden and expense of Wang's deposition "outweighs its likely benefit," taking into consideration the "importance of the proposed discovery in resolving the issues" in this action. *See* Fed.R.Civ.P. 26(b)(2)(iii).

Lastly, while the trial is not imminent, the defendants are seeking to move for summary judgment to avoid the cost and expense of a jury trial. A further extension of discovery will serve to unnecessarily prolong this action and is inconsistent, on the facts presented here, with the court's obligation to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see also Stewart–Warner Corp. v. Westinghouse Electric Corp.,* 325 F.2d 822, 827 (2d Cir.1963) (stating the Federal Rules of Civil Procedure "were designed to permit the speedy and inexpensive litigation of controversies and to maximize the expenditure of judicial resources wherever possible").

### CONCLUSION

For the foregoing reasons, plaintiff's request to reopen discovery to depose Charles Wang after discovery has been certified as complete is denied.

SO ORDERED.

