Dale **FOLWELL**, Administrator of the Estate of Dalton Reeves Folwell, and Dale Folwell and Synthia Folwell, Individually, Plaintiffs,

v.

Aymara Sanchez **HERNANDEZ**, Sara Lee Corporation, SLKP Compania De Servicios Administrative Services Company, Inc., Sara Lee Sock Company d/b/a Sara Lee Underwear Division and Sara Lee Branded Apparel, Rubén Mendez, and D.L. Peterson Trust Company, Defendants.

No. 1:01CV01061.

United States District Court,
M.D. North Carolina.

Sept. 27, 2002.

170

W. Thompson Comerford, Jr., Terre Thomas YDE, Comerford & Britt, L.L.P., Winston–Salem, NC, for plaintiffs.

Kristin M. Major, James H. Kelly, Jr., Susan Holdsclaw Boyles, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, for defendants.

## ORDER

ELIASON, United States Magistrate Judge.

Defendant Sara Lee Corporation ("Sara Lee") has filed a Fed.R.Civ.P. 26(c) motion for a protective order to prevent the deposition of Linda Woltz, who is the current CEO and President of Sara Lee Underwear, an unincorporated division of Sara Lee. In the alternative, defendant has asked that any discovery of Ms. Woltz be conducted through written interrogatories. Plaintiffs retort that

there are good reasons for the deposition and request the Court to reject defendant's motion.

A brief history will be helpful for understanding the Court's ruling. Plaintiffs bring this action to recover for the death of their deceased son who was killed on May 17, 1999 by an automobile driven by defendant Aymara Hernandez. Hernandez is a Costa Rican citizen who is employed by defendant SLKP Compania de Servicios Administrativos, S.A. ("SLKP"). SLKP is a wholly owned Costa Rican corporation of Sara Lee. At the time of the accident, Hernandez was undergoing training at the Sara Lee Underwear facility in Winston–Salem, North Carolina.

The case was originally filed in state court. However, when the Sara Lee Sock Company (a North Carolina corporation) was dismissed as a defendant by the state court, Sara Lee removed the case to federal court on the grounds that no remaining defendant was a citizen of North Carolina. *See* 28 U.S.C. §§ 1332, 1441, 1446(b).

Prior to the transfer, plaintiffs had taken fifteen depositions, propounded 195 interrogatories, 52 requests for admissions, and submitted 205 requests for production of documents. Eight of the deponents were executives of Sara Lee, including the former CEO of the Underwear division. He left his position in March 2000 and Ms. Woltz was appointed to replace him sometime in April or May 2000. Defendants Hernandez and Mendez are employees of SLKP. Mendez is Ms. Hernandez's manager.

The inter-corporate relationships, both formal and informal, assume importance in this litigation for the following reasons. Ms. Hernandez killed the Folwell child when she illegally passed a stopped school bus. Being from Costa Rica, she claims that she was not familiar with the motor vehicle laws of the United States or North Carolina. She was in the United States to undergo training at the Sara Lee Underwear facility. Plaintiffs want to show that Sara Lee may be held responsible for the accident based on Sara Lee's ownership of, control over, and/or relationship with SLKP, the furnishing of automobiles, etc. Plaintiffs claim Woltz's deposition will provide the answers.

Sara Lee requests a protective order based on the theory that Ms. Woltz's deposition would be duplicative, repetitive, and burdensome. It contends that plaintiffs have already obtained information concerning the interrelationships between the defendants by deposing eight of Sara Lee's executives. It points out that Woltz has no knowledge about the accident and was not connected with the Underwear division at the time of the accident. In such a situation, it asserts that courts are, and should be, reluctant to permit the depositions of top ("Apex") executive officers of corporations. Sara Lee presents affidavits detailing Woltz's busy schedule. However, it is worth noting that as of July 2002, she now has management responsibilities over Sara Lee Sock and SLKP, which are separate corporations and not divisions of Sara Lee.

Plaintiffs counter, saying that because of the management turnover at Sara Lee, it has been difficult to find executives who truly know about the intricacies of the various corporate relationships. Furthermore, a management chart and diagram showing corporate responsibilities was only produced after the deposition of those executives and, therefore, a deposition concerning this chart needs to be conducted in any event. Plaintiffs contend that Woltz appears to be the appropriate candidate. Plaintiffs further argue that it is important for establishing Sara Lee's liability to show that Hernandez's supervisor Mendez (the President of SLKP) is actually controlled by Sara Lee management. This will be used to rebut Sara Lee's position that because Hernandez was not an employee of the Sara Lee Corporation, it cannot be held responsible for her actions. Finally, plaintiffs have not been able to effectuate service on Mendez even though, according to plaintiffs, he comes to Winston–Salem on a monthly basis. Plaintiffs assert that Sara Lee may be conveniently cloaking his presence to avoid service. According to plaintiffs, all these matters justify Woltz's deposition.

Because the matter was transferred from state court, most of the discovery has already

been conducted. In this Court, the Rule 26(f) discovery plan permitted plaintiffs to take three depositions. To date, no Fed. R.Civ.P. 30(b)(6) or equivalent deposition has been taken in state court or in this Court. Plaintiffs have two depositions remaining under the discovery plan. At oral argument, plaintiffs' counsel readily admitted that had the case originally been brought in this Court, he understands that it would be highly unlikely that this Court would have permitted the amount of discovery conducted in state court and he would have radically altered his discovery plan. Counsel further admitted that knowing this Court's position, he most likely would have conducted the Rule 30(b)(6) deposition of Sara Lee first in order to establish that the information plaintiffs seek must come from Woltz. However, counsel says it would be unfair to punish plaintiffs, when it was defendants who forced plaintiffs into federal court after the discovery had taken place. Finally, plaintiffs agree that in order to alleviate concerns regarding Woltz's busy schedule, they will limit the deposition to one-half day and hold it at her convenience.

### Discussion

Deciding Sara Lee's request for a protective order prohibiting or limiting the deposition of one of its corporate officers highlights the tension between Rule 30(a)(1) and 30(b)(6). Rule 30(b)(6) came about with the 1970 amendments to the Federal Rules. Prior to that time, a corporation could only be examined through its officers or managing agents, and a party wishing to take the deposition was required to identify and specify the officer or agent who, hopefully, had the desired information. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2110 (ed.1994). This led to problems when the officer or agent did not have the information. The procedure forced parties into a guessing game to name the right officer and, by its nature, the procedure created a disincentive for the officer to remember information be-

cause doing so would frustrate an opponent's case.

As a result, Rule 30(b)(6) was enacted which puts the burden on the corporation to produce persons to testify to the areas of examination specified in the deposition notice. *Id.;* and *United States v. Taylor,* 166 F.R.D. 356 (M.D.N.C.1996) (obligation to prepare continues even if corporation no longer employs persons with actual knowledge of events). With the enactment of Rule 30(b)(6), a party may be assured that it will obtain the corporation's knowledge and position with respect to the case. *Taylor,* 166 F.R.D. 356. Indeed, Rule 30(b)(6) is expressly designed to help plaintiffs in the situation now before the Court where employees who had knowledge of the facts are no longer employed or have been shifted elsewhere. A Rule 30(b)(6) deposition requires the corporation to obtain sufficient information to prepare an individual to testify on behalf of the corporation. If a corporation maintains it has no knowledge or position, there, of course, will be consequences. *Taylor,* 166 F.R.D. at 362–63. The rule goes a long way toward ending the gamesmanship surrounding the taking of a corporate deposition which had grown up prior to the amendments.

One of the important consequences of Rule 30(b)(6) is that under it, only the corporation selects the persons who will testify. In some instances, however, the opposing party may feel that a particular person in the corporation has better knowledge or, for some other reason, may wish to depose a particular person in the corporation. Rule 30(b)(6) does not allow for the opposing party to make the selection. Rule 30(a)(1) does. Although the 1970 amendments provide a more efficient method for examination of corporations through Rule 30(b)(6), they do not eliminate the prior Rule 30(a)(1) method of examination which permits the opposing party to select an officer, director, or managing agent for deposition.[1] A Rule 30(a)(1) deposition of officers and agents does not require court authorization and is equally binding on the

---

1. Rule 30(b)(6) explicitly states that it "does not preclude taking a deposition by any other proce-    dure authorized in these rules."

corporation by virtue of Rule 32(a)(2). Thus, a party is not entirely dependent on the good faith of the corporation in selecting the right individuals for deposition. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *supra* § 2103. However, when Rule 30(b)(6) is not used, there may be consequences.

A party who uses Rule 30(a)(1) to depose a corporation faces the same uncertainties as existed prior to the 1970 amendments. First, the person deposed must actually be an officer, director, or managing agent. The first two designations are fairly clear, but the definition of a managing agent is made on a case-by-case factual determination. *Id.* § 2103 at 39–42. Second, while the corporation must make a good faith attempt to procure the presence of an officer, director, or managing agent, *see* Rule 37(d)(1), there is no obligation to prepare the person for the deposition. However, whether prepared or not, the deposition can still be used against the corporation. *See* Rule 32(a)(2).

Turning to the instant case, Sara Lee recognizes that plaintiffs remain free to select their own discovery methods-but within limitations. Sara Lee points to discovery limitations imposed by the 1983 amendments and set out in Rule 26(b). *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *supra* § 2102. In particular, Rule 26(b)(2) permits the Court to enter a protective order limiting discovery which it finds to be "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." In this regard, Sara Lee advances two arguments. First, it states that plaintiffs have or should have obtained the discovery through the prior depositions. Second, it argues that courts should not permit deposition of high ranking corporate officers without a showing of extremely good cause.

### Decision

■ The preferred approach for deposing a corporation is the use of Rule 30(b)(6) which requires the corporation to obtain the information. *Baine v. General Motors Corporation,* 141 F.R.D. 332, 336 (M.D.Ala.1991).

Thereafter, if dissatisfied with the corporation's selection of deponents, plaintiffs can then select an officer, director, or managing agent. *Id.* Plaintiffs chose not to follow this approach. Therefore, the Court finds that much of plaintiffs' frustration in not obtaining information from Sara Lee arises from plaintiffs' own selection of discovery methods.

■ The Court need not permit a party to wear out or harass a corporation with a number of futile Rule 30(a)(1) depositions. The consequence of plaintiffs' excessive use of Rule 30(a)(1) instead of using Rule 30(b)(6) can be the granting of a protective order against further Rule 30(a)(1) corporate depositions. The only reason the Court does not do so in this case is because plaintiffs were forced into this Court, and it is not clear the state court would so curtail plaintiffs' actions. Nevertheless, this Court will only allow them a slight reprieve. It will require plaintiffs to first take the Rule 30(b)(6) corporate deposition, as should have already occurred. The Court next will consider whether to quash the Woltz deposition because it is a burdensome "Apex" deposition.

■ Sara Lee argues that the Woltz deposition notice should be quashed altogether because "Apex" depositions of corporate executives not directly connected with the litigation should be carefully monitored and should either be prohibited or else proceed via written interrogatories. Sara Lee relies on *Baine,* 141 F.R.D. 332, a leading case on this matter. The *Baine* court held that Rule 26(b) gives the court power to regulate harassing or burdensome depositions, and that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive. Furthermore, the court must be attuned to the possibility that the noticing of the deposition of a high level executive may have the potential for harassment. Prior to permitting the deposition of a high level corporate executive, the court may wish to require a Rule 30(b)(6) deposition with the possibility that the corporate executive deposition would be conducted via written interrogatories.

■ Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case. *Harris v. Computer Associates Intern., Inc.,* 204 F.R.D. 44 (E.D.N.Y.2001). Even when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive. *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 205 F.R.D. 535 (S.D.Ind.2002) (limited coordinated deposition permitted in order to avoid the possibility of numerous, repetitive, harassing, or abusive depositions).

From the hearing on this matter, the Court finds plaintiffs have shown good cause for the limited deposition of Woltz. At the hearing, the Court informed plaintiffs that although Rule 30(a)(1) does not require a party to list deposition topics, the Court would require plaintiffs to do so because Sara Lee has moved for a protective order under Rule 26(b) & (c). Plaintiffs listed the topics for deposition as follows:

(1) The role and relationship of SLKP to Sara Lee both at the time of the accident and now. The connection Mendez and Hernandez have as to SLKP and Sara Lee and, specifically, in relation to the recently produced management chart;

(2) The corporate policy regarding vehicle procurement and usage by trainees in 1999 and now, and the reason for any change;

(3) Financial incentives and reasons for operating Sara Lee mostly through divisions, but having some wholly owned corporations, such as SLKP and Sara Lee Sock Company;

(4) Woltz's knowledge of Mr. Mendez's appearances in Winston–Salem after the accident and the attempted service of process on him by Forsyth County Deputy Sheriffs;

(5) The relationship of Sara Lee Sock Company to Sara Lee and Sara Lee's previous assertion that there is no control by Sara Lee of Sara Lee Sock; and,

(6) Financial information concerning the earnings of the Underwear division.

From this deposition topic list, the Court finds some topics appropriate for a Woltz deposition. The first topic is Woltz's knowledge of Mendez's appearances in Winston–Salem after the accident and particularly, at the time service of process was attempted on him. Mr. Mendez has avoided service of process in this case; yet, it appears that he reports to Woltz and makes frequent trips to Winston–Salem. Plaintiffs also offered some evidence that Mendez may have been at a meeting, perhaps with Woltz, at the time Forsyth County Deputy Sheriffs attempted service of process on him. In this one instance, she appears to be the person in the best position to offer testimony. For this reason, the Court finds the deposition can go forward.

Woltz also has special knowledge concerning two other topics. One is the present role and relationship of SLKP and Mendez and Hernandez in relation to each other and to Sara Lee and, in particular, in relation to the management chart which has now been produced. The other is the Sara Lee Sock situation.[2] Although other individuals produced some testimony on the topics, it was arguably confusing and was done without the chart. Moreover, Woltz now apparently has supervision of SLKP and most recently, the Sara Lee Sock Company.[3] The Court will

---

**2.** The Court is permitting the deposition topic concerning the Sara Lee Sock Company, but not for the reason to permit plaintiffs to revisit plaintiffs' stipulation withdrawing their motion for remand. The water has already flowed over that dam and may not be returned upstream. However, it does appear that Sara Lee may well exercise a great deal of control over its wholly owned corporations, which may, in turn, have an influence on whether Sara Lee could be held liable under agency principles when its wholly owned corporations take actions at Sara Lee's directions, and later on, a third party is injured.

**3.** As to both these topics, Woltz likely only has information as to the current state of affairs. Plaintiffs may only depose Woltz concerning the topics as to the situation at the time of the accident if plaintiffs forego the topic(s) at the Rule 30(b)(6) deposition, or unless the Rule 30(b)(6) deposition does not provide answers to the topic(s). In making their decision, plaintiffs are reminded that Sara Lee is not required to prepare Woltz for her deposition.

also permit Woltz to be deposed concerning the corporate policy of the Underwear division regarding vehicle usage now, but only as to 1999 if plaintiffs forego the topic at the Rule 30(b)(6) deposition or the Rule 30(b)(6) deposition does not provide an answer.

■ The other topics for deposition concern Sara Lee's financial information with respect to earnings and the reason for Sara Lee's use of operating divisions and corporations. Here, plaintiffs want to use the information ostensibly for punitive damage purposes. Plaintiffs claim Woltz is important because they want to know the earnings of Sara Lee Underwear division and that she should know about them. The Court disagrees. There is no indication that the President and CEO is the person in the best position to give a deposition on this topic. Rather, it appears that a financial officer would be in a better position to do so. As for the reasons Sara Lee uses operating divisions, this is most suitable as a Rule 30(b)(6) topic because it is a company position as opposed to a fact. For these topics, plaintiffs must use the Rule 30(b)(6) deposition method.

Although a plaintiff may normally choose the topics of a Rule 30(a)(1) deposition, the Court exercises its discretion under Rule 26(b)(2) in denying plaintiffs the right to take a Rule 30(a)(1) deposition on these topics. Plaintiffs have already imposed significant burdens on Sara Lee by conducting the Rule 30(a)(1) depositions of the officers first, instead of taking the Rule 30(b)(6) deposition, as should have and now will be done.

■ In summation, the Court will permit the oral deposition of Ms. Woltz on the topics identified above. The Court finds she likely has unique personal knowledge on the topics of Mendez's presence in North Carolina and, because of her new responsibilities, unique insight on the present interworkings of SLKP, Sara Lee Sock, Mendez and Hernandez, and the agency issue. Also, this is not a case where Woltz faces the possibility of multiple or continuing depositions in this or other cases. However, prior to taking her deposition, plaintiffs shall conduct a Rule 30(b)(6) deposition of Sara Lee. If plaintiffs include any of the Woltz topics in the Rule 30(b)(6) deposition, they shall be eliminated from the Woltz deposition, unless the topics were not answered.[4] The Court rejects the written interrogatory approach because the nature of the topics makes that a too cumbersome process. Furthermore, plaintiffs have agreed to limit the deposition to one-half day. Given all of these considerations, the Court will grant Sara Lee's request for a protective order in part and deny it in part, and permit the limited oral deposition of Ms. Woltz. The Court denies Sara Lee's request that the deposition be stricken, or only go forward on written interrogatories.

**IT IS THEREFORE ORDERED** that defendant Sara Lee Corporation's motion for a protective order (docket no. 24) is granted in part and denied in part, and plaintiffs may take the oral deposition of Linda Woltz, President and CEO of the Sara Lee Underwear division of the Sara Lee Corporation, which deposition shall be subject to the limitations set out in the body of this Order and may last no longer than one-half day. Counsel shall coordinate the deposition with the convenience of Ms. Woltz in mind.

---

**4.** The Court recognizes that in the rare case where the integrity of the corporation's good faith compliance with Rule 30(b)(6) may be at issue, it could be necessary to depose several executives in Rule 30(a)(1) depositions on the same topic. Plaintiffs have not shown this to be such a case.